UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SMITH, #724556,

       Plaintiff,

v.

       CASE NO. 2:10-CV-12261
       HONORABLE ARTHUR J. TARNOW

STATE OF MICHIGAN TREASURER, et al.,

       Defendants.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT
AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I.**    **Introduction**

Robert Smith ("Plaintiff"), a Michigan prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He has paid the filing fee for this action. In his complaint, Plaintiff challenges the State's seizure of 90% of any deposits made to his credit union account from pension benefits as reimbursement for the cost of his incarceration, which was done pursuant to the Michigan State Correctional Facilities Reimbursement Act ("SCFRA"). According to the documents submitted with the complaint, it appears that the Saginaw County Circuit Court entered its order on August 24, 2009. Plaintiff does not indicate whether he is appealing that judgment in the state courts. Plaintiff raises an Ex Post Facto challenge to the State's action and names the Michigan State Treasurer, Saginaw County Circuit Judge William A. Crane, and Assistant Attorney General Kathleen A. Gardiner as defendants in this action. He seeks

1

declaratory and injunctive relief, including an order precluding the seizure of his assets, as well as monetary damages. Having reviewed the complaint, the Court dismisses it for lack of subject matter jurisdiction, for failure to state a claim upon which relief may be granted, and on the basis of immunity. The Court also concludes that an appeal cannot be taken in good faith.

**II.     Discussion**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

### A.  Subject Matter Jurisdiction

As an initial matter, the Court finds that Plaintiff's claims challenging the state court judgment are barred by the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983), which "holds that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002); *see also Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003). As the United States Supreme Court has explained, "[t]he *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine applies "when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). Thus, "[i]n determining the applicability of the *Rooker-Feldman* doctrine, federal courts cannot simply compare the *issues* involved in the state-court proceeding to those raised in the federal-court plaintiff's complaint, but instead must pay close attention to the *relief* sought by the federal-court plaintiff." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (internal quotation omitted). "If the source of the injury is that state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other

source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). The doctrine applies to attempts to relitigate state court judgments entered before the federal suit was filed; it does not abrogate concurrent jurisdiction in federal and state courts, nor is it analogous to a preclusion doctrine. *See Exxon Mobil*, 544 U.S. at 292.

"The *Rooker-Feldman* doctrine is a rule of federal jurisdiction." *Frederickson v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). Consequently, it may be raised *sua sponte*. *See Saker v. National City Corp.*, 90 F. App'x 816, 818 n.1 (6th Cir. 2004). When a claim is barred by the *Rooker-Feldman* doctrine, a court must dismiss the claim for lack of jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

Applying the foregoing principles to the present complaint, the Court finds that it lacks subject matter jurisdiction to hear Plaintiff's challenge to the state court judgment under the *Rooker-Feldman* doctrine. Plaintiff challenges the application of the SCFRA in his case. The injury complained of is the taking of his funds, and that injury is directly and solely traceable to the state court judgment permitting the State to take those funds. In other words, Plaintiff has "repaired to federal court to undo the [Michigan] judgment," *Exxon Mobil*, 544 U.S. at 293, and each of his claims "rests on the premise that the state court entry of [judgment] was invalid." *Thompkins-El v. Wells Fargo Bank Minn.*, No. 05-CV-74715, 2006 WL 2433438, at *3 (E.D. Mich. Aug. 22, 2006) (Battani, J.); *see also Yee v. Michigan Sup. Ct.*, No. 06-CV-15142, 2007

WL 200952, at *5 (E.D. Mich. Jan. 23, 2007) (Rosen, J.). Such claims are barred by the *Rooker-Feldman* doctrine. *See Abbott v. Michigan*, 474 F.3d 324, 329 (6th Cir. 2007) (holding that prisoners' challenges to the applicability of the SCFRA to them and claims of specific injuries arising from the taking of their pension benefits under the SCFRA were barred by the *Rooker-Feldman* doctrine); *Gale v. General Motors*, No. 06-CV-15710, 2007 WL 2875251, *3-4 (E.D. Mich. Sept. 28, 2007). Because Plaintiff seeks to prevent the taking of his credit union funds/pension benefits, which is the direct and immediate product of the state court judgment, his claims are barred by the *Rooker-Feldman* doctrine.

Additionally, the Court notes that Plaintiff's federal claims are barred even if they were not specifically presented in the state court. A federal claim which calls into question the validity of the state court judgment is inextricably intertwined with the judgment even if the federal claim was not presented in the state court proceeding; all that is required is that the federal plaintiff have had the opportunity to present the issues involved to the state court. *See Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002); *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 201 (4th Cir. 2000); *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992), *quoted with approval in Wilde v. Ohio Veterinary Med. Licencing Bd.*, 31 F. App'x 164, 166 (6th Cir. Feb. 21, 2002). Plaintiff had the opportunity to present his claims in the state SCFRA action. He can also appeal the state court decision to the Michigan appellate courts, and ultimately the United States Supreme Court, if necessary. Under the *Rooker-Feldman* doctrine, however, this Court lacks subject matter jurisdiction over his claims challenging the state court decision.

### B. Ex Post Facto Claim

Even if the Court has jurisdiction to hear Plaintiff's case, his claim that the SCFRA violates the Ex Post Facto Clause of the United States Constitution lacks merit. The Ex Post Facto Clause prohibits statutes which make a previously innocent act criminal, increase the punishment for a crime after its commission, or deprive a defendant of a defense that was available at the time that the crime was committed. *See Collins v. Youngblood*, 497 U.S. 37, 42 (1990). Michigan's SCFRA does not violate the Ex Post Facto Clause because it does not impose any punishment on prisoners. *See Bailey v. Carter,* 15 F. App'x 245, 251 (6th Cir. 2001); *see also Taylor v. State of R.I.,* 101 F.3d 780, 783-84 (1st Cir. 1996). Plaintiff has thus failed to state a claim upon which relief may be granted as to this issue.

### C. Absolute Immunity

The Court further finds that Saginaw County Circuit Court Judge William A. Crane is entitled to absolute immunity. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated

or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3rd Cir. 2006); *Hass v. Wisconsin, et al.*, 109 F. App'x 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000). Plaintiff's challenges to the SCFRA proceedings involve the performance of judicial duties. Defendant Crane is absolutely immune from suit for such conduct and the claims against him must be dismissed.

Additionally, Assistant Attorney General Kathleen A. Gardiner is absolutely immune from suit given that Plaintiff challenges her decision and actions in pursuing the state court action to take his credit union funds/pension benefits. It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Such immunity has been extended to cover any activities undertaken "in connection with [one's] duties in functioning as a prosecutor." *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002); *see also Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003) (looking to whether prosecutor acts as an advocate). The immunity extends beyond the criminal process to conduct in civil proceedings where a government attorney initiates judicial proceedings, *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000), or defends a civil suit, *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, *1 (6th Cir. July 9, 1990). Absolute prosecutorial immunity exists even when a prosecutor acts wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).

Because Defendant Gardiner acted as an advocate for the State in the SCFRA proceedings, she is entitled to absolute immunity for such conduct.

### III.    Conclusion

For the reasons stated, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims arising from the state court judgment authorizing the taking of his credit union funds/pension benefits under the SCFRA. The Court further concludes that Plaintiff has also failed to state a claim upon which relief may be granted as to his Ex Post Facto challenge to the SCFRA. Additionally, the Court concludes that defendants Crane and Gardiner are absolutely immune from suit under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** Plaintiff's civil rights complaint.

Finally, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: June 29, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 29, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary